IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAFAEL CAMACHO,

    Plaintiff,

    v.                                      No. CIV 14-0271 LH/WPL

STATE OF NEW MEXICO,
DANIEL VIRAMONTES,
THOMAS GUERRA,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss Plaintiff's complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a state court judge, a public defender, and the State of New Mexico as Defendants. Plaintiff alleges that Defendant Guerra, his public defender in a state criminal proceeding, coerced him to sign a plea deal that violated his right to a fair trial. He also alleges that Judge Viramontes denied him the right to change his plea. For relief, the complaint seeks damages.

No relief is available on Plaintiff's claims against Defendants. First, Plaintiff names Judge Daniel Viramontes and the State of New Mexico as Defendants. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). And second, Plaintiff makes no separate allegations against the state. Furthermore, a state is not a " 'person[]' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's claims against Defendants Viramontes and the State of New Mexico.

As to Defendant Guerra, the complaint fails to allege one of the two statutory elements of a claim under 42 U.S.C. § 1983. A complaint under § 1983 must allege facts demonstrating that the plaintiff's federal rights were violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). Here, case law clearly holds that a public defender

undertaking a defense does not act under color of state law for purposes of § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 316 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995).   Because Defendant Guerra did not act under color of state law while representing Plaintiff in the criminal proceeding, the Court will dismiss Plaintiff's § 1983 claims against him.

Dismissal of Plaintiff's claims against Guerra--for failure to allege that Defendant acted under color of state law--presents the Court with certain inconsistencies in applicable Supreme Court and Tenth Circuit case law.  The issue is whether to dismiss these § 1983 claims without prejudice for lack of subject matter jurisdiction or, alternatively, with prejudice for failure to state a claim for relief.  *Compare Lay v. Otto*, 530 F. App'x 800, 802-03 (10th Cir. 2013) ("[Plaintiff] has not alleged facts showing that Defendants acted under color of state law.  This element is 'a jurisdictional requisite for a § 1983 action.' . . .  Accordingly, we must remand the case with directions to the district court to dismiss [plaintiff]'s lawsuit 'without prejudice' for lack of subject-matter jurisdiction.") (quoting *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)), *with Mehdipour v. Matthews*, 386 F. App'x 775, 777 n.3 (10th Cir. 2010) ("If, however, jurisdiction is alleged under 28 U.S.C. § 1331, the failure to properly allege a 'state action' warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6), rather than pursuant to Fed. R. Civ. P. 12(b)(1).") (citing, *inter alia*, *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law.")).

Under these two discrepant rules, because the complaint clearly asserts jurisdiction under 28 U.S.C. § 1331, *see Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) ("The district court had jurisdiction under 28 U.S.C. § 1331 [of prisoner's § 1983 complaint]."), the Court will dismiss Plaintiff's claims against Guerra with prejudice under rule 12(b)(6) for failure to state a claim. *See Mehdipour v. Matthews*, 386 F. App'x at 777 n.3; *see also Curley v. Perry*, 246 F.3d at 1281,

1284-85 (affirming *sua sponte* dismissal with prejudice under rule 12(b)(6) "of a meritless complaint that cannot be salvaged by amendment").  Alternatively, the Court will dismiss Plaintiff's claims against Guerra without prejudice under rule 12(b)(1) for lack of subject matter jurisdiction.  *See Lay v. Otto*, 530 F. App'x at 803.

IT IS THEREFORE ORDERED that Plaintiff's § 1983 claims against Defendants are DISMISSED with prejudice for failure to state a claim for relief; alternatively, Plaintiff's § 1983 claims against Defendant Guerra are DISMISSED without prejudice for lack of subject matter jurisdiction; the complaint is DISMISSED; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE